United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v

KEVIN LOBO,

Defendant(s).
_______________________________________/

No CR 10-0306 VRW

**PRETRIAL SCHEDULING ORDER (CRIMINAL)**

Good cause appearing, it is hereby ORDERED that:

**Trial dates: Jury selection/Jury Trial to begin Tuesday, September 7, 2010 at 9:30 am** in Courtroom 6. Estimated length of trial is 4-5 days.

**Motions and Pretrial conference**. The court will conduct a Pretrial Conference and hear motions in this matter on **September 7, 2010**, at **8:30 am** in Courtroom No 6. Trial counsel shall attend this conference. Pretrial motions dispositive of any claim, party or issue shall be filed in accordance with Criminal Local Rule 47-1.

NOT LESS THAN FOUR DAYS BEFORE THE PRETRIAL CONFERENCE, counsel for the government shall accomplish the following:

1. **Trial memorandum**. Serve and file a trial memorandum briefly stating the legal basis for the charges and the anticipated evidence, and addressing any evidentiary or other anticipated legal issue(s);

2. **Witness list.** Serve and file a list of all witnesses that may be called together with a brief summary of the testimony of each;

3. **Jury Instructions**. Serve and lodge requested jury instructions in the following form:

(a) any instruction contained in the Ninth Circuit Manual of Model Jury Instructions may be requested by designation of its number;

(b) each other instruction shall be requested by setting forth the instruction in full text on a separate sheet with reference to supporting legal authority;

4. **Voir Dire**. Serve and lodge proposed voir dire of the jury panel;

5. **Verdict Form**. Serve and lodge a proposed form of verdict;

6. **Exhibits**. Serve and lodge copies of all exhibits to be offered at trial together with a completed list of exhibits. Each item shall be premarked using the form of marker attached; generally, the government will use numbers, defendant letters.

Not less than four days before the conference, defense counsel shall comply with paragraphs 1., 3., 4. and 5 above, and, to the extent consistent with the defendant's right to an effective defense, with paragraphs 2. and 6.

In particular, counsel will be expected to confer in advance and be prepared to discuss with the court any anticipated evidentiary objections and means for shortening and simplifying trial (e g, by stipulations to such matters as chain of custody, the nature of substances, the use of the mail, etc). Crim Local Rule 17.1-1.

**Copies**. Each document e-filed or lodged with the court must be accompanied by a copy with the ecf running header for use in the judge's chambers. In addition, one copy of the witness and exhibit list should be provided to the court reporter.

**Transcripts**. If transcripts will be requested during or immediately after the trial, arrangements must be made with the court reporter at least one week before trial commences.

**Change of Plea**. Counsel shall give prompt notice to the United States attorney and the court of any intention to change previously entered not guilty plea.

**Subsequent Information/Indictment**. Prior to the next calendared hearing before the undersigned, government counsel shall make the necessary arrangements to have the defendant(s) arraigned before the duty magistrate judge on any superseding or subsequent violation.

**Custodial Status**. The court will not entertain any request concerning the custodial status of any defendant at any stage of the proceedings unless said request is accompanied by a writing stating that defendant's counsel has previously made the request of the agency then having custody of the defendant and the United States Attorney or his assistant and setting forth the position or response of the custodial agency and the United States Attorney and the steps taken by counsel to resolve any objections to the request advanced by the custodial agency, the United States Attorney or both.

**IT IS SO ORDERED.**

Vaughn R Walker
United States District Chief Judge

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

# GUIDELINES FOR THE CONDUCT OF TRIALS

For Trials before the Honorable Vaughn R Walker

These guidelines are provided to trial counsel to facilitate the fair and efficient conduct of trials in this court and should be accepted in that spirit.

1. **Pretrial Submissions and Witness Scheduling**.

Each party's pretrial statement must identify all witnesses the party expects to call and the exhibits intended to be offered. At least 24 hours beforehand, the party should advise all other parties of the order of call of the exhibits to be offered by each witness.

2. **Opening Statements/Closing Arguments**.

An opening statement is simply an objective summary of what counsel expects the evidence to show. No argument or discussion of the law is permissible. Opening statements are limited to fifteen minutes and closing arguments to thirty minutes unless the court expressly grants leave to exceed these limits. The same lawyer who makes the opening statement must make the closing argument.

3. **Questioning Witnesses**.

a. Conduct the examination from the lectern. Ask permission to approach the witness when necessary and return to the lectern as soon practicable. Treat witnesses with courtesy and respect; do not become familiar.

b. Ask brief, direct and simply stated questions. Cover one point at a time. Leading questions may be used for background or routine matters. Direct examination is not a deposition and should not be conducted like one. Go directly to the point of the witness's testimony. Do not put a witness on to "tell a story."

c. Cross-examination similarly should consist of brief, simple and clearly stated questions.

d. Only one lawyer for each party may examine any one witness. This includes any objections made during course of trial. In a jury trial, only one lawyer will be permitted to make the opening statement and closing argument unless the court has given prior approval to more than one lawyer doing so.

e. Once a witness has been sworn, no lawyer may discuss that witness's testimony with the witness until the witness has completed testimony and been excused.

4. **Using Depositions**

a. The deposition of an adverse party may be used for any purpose. It is unnecessary to ask a witness if he "recalls" it or otherwise to lay a foundation. Simply identify the deposition and page and line numbers and read the relevant portion. Opposing counsel may then ask to read such additional testimony as is necessary to complete the context, but this request should be made immediately to maintain context. An unduly belated request may be denied.

b. The deposition of a witness not a party may be used for impeachment or if the witness has been shown to be unavailable. For impeachment, allow the witness to read the designated portion first, ask simply whether the witness gave that testimony,

United States District Court
For the Northern District of California

and then read it. Opposing counsel may immediately read additional testimony necessary to complete the context.

c. A deposition may also be used to refresh a witness's recollection by showing the relevant part of the deposition to the witness. After showing the witness the prior testimony, ask whether the deposition refreshes recollection. If the answer is affirmative, ask what the witness now recalls. Do not ask the witness to read from the deposition.

d. NOTE: It is the responsibility of counsel anticipating use of a deposition at trial to check in advance of trial that it has been made available to the witness for signature and that the original is delivered to the court by the first day of trial.

5. **Objections**

a. To make an objection, rise, say "objection" and briefly state the legal ground (e g "hearsay," "privilege," "irrelevant").

b. Do not make a speech or argument, or summarize evidence, or suggest the answer to the witness.

c. Where an evidentiary problem is anticipated, bring it to the court's attention in advance to avoid interrupting the orderly process of trial.

6. **Exhibits**

a. All exhibits must be marked before the trial starts, using the form of label following these guidelines. Copies must be provided to opposing counsel and the court before trial.

b. When offering an exhibit, follow this procedure to the extent applicable (unless foundation has been stipulated):

Request permission to approach the witness;

Show the witness the document and say: “I show you [a letter] dated ___, premarked Exhibit ___. Can you identify that document?”

Identification having been made, make your offer as follows: “I offer Exhibit ___.”

NOTE: In some circumstances, of course, additional questions may be necessary to lay the foundation.

c. It is the responsibility of counsel to see that all exhibits to be included in the record are formally offered and ruled on, and that all of the court's copies of exhibits are in the hands of the clerk. Take nothing for granted.

7. **Interrogatories and Requests for Admission**

Counsel wishing to place into the record an interrogatory answer or response to request for admission should prepare a copy of the particular interrogatory or request and accompanying response, mark it as an exhibit and offer it. Pleadings and papers in the court file are not a part of the trial record unless offered as an exhibit and received into evidence.

United States District Court
For the Northern District of California

8. **Conduct of Trial**

a. The court expects counsel and the witnesses to be present and ready to proceed promptly at the appointed hour -- normally starting at 8:30 am the first day of trial. A witness on the stand when a recess is taken should be back on the stand when the recess ends.

b. Bench conferences should be minimized. Raise anticipated problems at the start or end of the trial day or during a recess.

c. Have a sufficient number of witnesses available in court to testify so that you will not run out. Running out of witnesses may be taken by the court as resting your case.

d. Trials normally are conducted Monday through Friday. Do not assume that the court will recess on any of those days unless prior arrangements have been made with the court.

e. Counsel are expected to cooperate with each other in the scheduling and production of witnesses. Witnesses may be taken out of order if necessary. Every effort should be made to avoid calling a witness twice (as an adverse witness and later as a party's witness).

9. **Jury Trial**

a. When trial is to a jury, counsel should present the case so that the jury can follow it. Witnesses should be instructed to speak clearly and in plain language. When documents play an important part, a means of displaying the documents to the jury is an important aid to juror comprehension.

b. Jury instructions must be submitted at the pretrial conference but may be supplemented during the trial. Only those dealing with the particular issues in the case need be presented. Instructions are to be drafted specifically to take into account the facts and issues of the particular case, and in plain language; do not submit copies from form books. Do not submit argumentative or formula instructions.

c. Do not offer a stipulation in the presence of the jury unless agreement has previously been reached. Preferably such stipulations should be in writing.

d. In final argument, do not express personal opinions, vouch for your client or ask jurors to place themselves in the position of a party, or encourage speculation as to possible consequences of the litigation beyond the evidence presented.

e. Normally, the court will instruct the jury before closing argument. Accordingly, there will be no need to explain the law in the closing argument although, of course, argument should focus on how the facts as proved or not fit the legal requirements.

10. **General Decorum**

a. Colloquy between counsel on the record is not permitted -- all remarks are to be addressed to the court.

b. Vigorous advocacy does not preclude courtesy to opposing counsel and witnesses and respect for the court. Calling witnesses, parties or other lawyers by first names or the court "Judge" or "Sir" on the record is not appropriate.

      United States District Court
For the Northern District of California

c. Do not engage in distracting activity at counsel table or move about the courtroom while opposing counsel is arguing or questioning witnesses, or in other ways cause distraction. Neither counsel nor client while at counsel table should indicate approval, disapproval or other reactions to any testimony or argument.

11. **Trial Schedule**. The court attempts to tailor the trial schedule to the case. Accordingly, some trials may be conducted five days a week while others may be conducted only four days a week. The length of the trial day may also depend on the case. Trials are usually conducted Mondays through Wednesdays and Fridays from 8:30 am until 4:00 pm with a one-hour lunch break. The court holds law and motion calendars on Thursdays . This schedule may, of course, be modified to accommodate counsel, the court, witnesses or jurors.

*Revised 12/08*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: ________________

By: ___________________________

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: ________________

By: ___________________________

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: ________________

By: ___________________________

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: ________________

By: ___________________________

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: ________________

By: ___________________________

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: ________________

By: ___________________________

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: ________________

By: ___________________________

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: ________________

By: ___________________________

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: ________________

By: ___________________________

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: ________________

By: ___________________________

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: ________________

By: ___________________________

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Case number:

PLTF/DEFT EXHIBIT NO. _____

Date admitted: ________________

By: ___________________________